IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| THE UNITED STATES OF AMERICA | ' |
| Plaintiff | ' |
| vs. | ' |
| THE COMMONWEALTH OF PUERTO RICO; | ' |
| The Honorable PEDRO J. ROSSELLO, Governor of the Commonwealth of Puerto Rico, in his official capacity; | '     CIVIL 94-2080CCC |
| THE JUVENILE INSTITUTIONS ADMINISTRATION; | ' |
| ZORAIDA BUXO, Secretary of the Department of Corrections and Rehabilitation, in her official capacity; | ' |
| MIGUEL RIVERA, Director, Juvenile Institutions Administration, in his official capacity; | ' |
| DR. CARMEN FELICIANO VDA. DE MELECIO, Secretary of Health, Department of Health, in her official capacity; | ' |
| DR. NESTOR GALARZA, Director, Anti-Addiction Services Department, in his official capacity; | ' |
| VICTOR FAJARDO, Secretary, Department of Education, in his official capacity; | ' |
| PEDRO PIERLUISI, Secretary, Justice Department of the Commonwealth of Puerto Rico, in his official capacity; | ' |
| CARMEN RODRIGUEZ, Secretary, Department of Social Services, in her official capacity; | ' |
| DANIEL VAZQUEZ TORRES, Director Humacao Detention Center, in his official capacity; | ' |

CIVIL 94-2080CCC

| | |
|---|---|
| EDGARD ORTIZ ALBINO, Director, Mayaguez Industrial School, in his official capacity; | ' ' ' |
| NORMA CRUZ, Director, Ponce Central Training School, in her official capacity | ' ' ' |
| FRANCISCA APONTE, Director, Ponce Victoria Street Training Center, in her official capacity; | ' ' ' |
| PAULITO DIAZ DE GARCIA, Director, Ponce Detention Center for Girls and Ponce Industrial School for Girls and Boys, in her official capacity; | ' ' ' ' |
| JULIO CUALIO BONET, Director, Guaynabo Training School, in his official capacity; and | ' ' ' |
| LYDIA LASALLE, Acting Director, Central Metropolitan Training School of Bayamon, in her official capacity; | ' ' ' ' |

Defendants

## O R D E R

Having considered the United States' Application for a Temporary Restraining Order and Preliminary Injunction filed by plaintiff on November 16, 2006 (**docket entry 641**), its attachments, and defendants' Response in Opposition filed on November 27, 2006 (**docket entry 649**), the specific remedial actions requested are GRANTED. However, the Court understands that extraordinary equitable relief in the form of a temporary restraining order and preliminary injunction is not necessary to dispose of the matters raised.

Accordingly, the Court hereby ORDERS defendants that:

(1) The following three employees, Maribel Soto, Hugo Ramírez and Sara García, and any other employee which is currently criminally charged with institutional child abuse, as well as any other employee, staff member, or contractor who is criminally charged in the future for offenses involving the abuse or mistreatment of juveniles, excessive use of force on juveniles, sexual

CIVIL 94-2080CCC                                              3

misconduct with juveniles, or any other offense relating to the safety and welfare of juveniles, shall be immediately separated from having contact with detained or committed juveniles, including the removal of any such person from exercising supervisory authority over any staff in AIJ facilities, while the criminal investigation or process is pending.

(2) Within fifteen (15) calendar days of this Order, defendants shall report to the Monitor and the United States, in writing, all employees, staff members or contractors who have been criminally charged during the past twelve (12) months for offenses involving the abuse or mistreatment of juveniles, excessive use of force on juveniles, sexual misconduct with juveniles, or any other offense relating to the safety and welfare of juveniles. The report shall include the name of the employee, name of the victim, date of the incident, date and disposition of the administrative investigation and action taken, date and disposition of the criminal investigation, date on which criminal charges were filed, nature of the charges and current status of the criminal proceedings. For any criminal proceeding that is filed in the future, the same information shall be provided to the Monitor and the United States within fifteen (15) days after its filing.

(3) Within fifteen (15) calendar days of this Order, defendants shall advise all AIJ employees, staff members or contractors as well as the juveniles confined in AIJ facilities, that abuse and mistreatment of the juveniles will not be tolerated and that such conduct by employees, staff members, contractors or juveniles is strictly prohibited in all AIJ facilities and will result in administrative sanctions and referral for criminal prosecution, when warranted. Defendants shall further inform all employees, staff members, contractors and juveniles that those who report alleged abuse or mistreatment will be protected from retaliation.

SO ORDERED.

At San Juan, Puerto Rico, on December 4, 2006.

S/CARMEN CONSUELO CEREZO
United States District Judge