IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

THE UNITED STATES OF AMERICA           '

Plaintiff                              '

vs.                                    '

THE COMMONWEALTH OF PUERTO RICO;       '

The Honorable PEDRO J. ROSSELLO,       '
Governor of the Commonwealth of
Puerto Rico, in his official           '       CIVIL 94-2080CCC
capacity;
                                       '
THE JUVENILE INSTITUTIONS
ADMINISTRATION;                        '

ZORAIDA BUXO, Secretary of the         '
Department of Corrections and
Rehabilitation, in her official    '
capacity;
                                       '
MIGUEL RIVERA, Director, Juvenile
Institutions Administration, in        '
his official capacity;
                                       '
DR. CARMEN FELICIANO VDA. DE
MELECIO, Secretary of Health,          '
Department of Health, in her
official capacity;                     '

DR. NESTOR GALARZA, Director,          '
Anti-Addiction Services
Department, in his official            '
capacity;
                                       '
VICTOR FAJARDO, Secretary,
Department of Education, in his        '
official capacity;
                                       '
PEDRO PIERLUISI, Secretary,
Justice Department of the              '
Commonwealth of Puerto Rico, in
his official capacity;                 '

CARMEN RODRIGUEZ, Secretary,           '
Department of Social Services,
in her official capacity;              '

DANIEL VAZQUEZ TORRES, Director        '
Humacao Detention Center, in
his official capacity;                 '

CIVIL 94-2080CCC

EDGARD ORTIZ ALBINO, Director,          '
Mayaguez Industrial School, in
his official capacity;                   '

NORMA CRUZ, Director, Ponce             '
Central Training School, in her
official capacity                        '

FRANCISCA APONTE, Director, Ponce       '
Victoria Street Training Center,
in her official capacity;                '

PAULITO DIAZ DE GARCIA, Director,       '
Ponce Detention Center for Girls
and Ponce Industrial School for          '
Girls and Boys, in her official
capacity;                                '

JULIO CUALIO BONET, Director,           '
Guaynabo Training School, in
his official capacity; and               '

LYDIA LASALLE, Acting Director,         '
Central Metropolitan Training
School of Bayamon, in her                '
official capacity;
                                         '
Defendants

**O R D E R**

The Court has before it a motion filed on March 8, 2007 by defendants who are legally

responsible for the operation and condition of the juvenile correctional facilities as well as the

care and treatment of the resident juveniles, hereinafter the Commonwealth defendants (docket

entry 676), to terminate the prospective relief Order filed on December 12, 1997 (docket

entry 26) pursuant to a Settlement Agreement tendered by the parties on October 7, 1997

(docket entry 25) which was approved by such Order. The settlement between the United

States of America and the Commonwealth of Puerto Rico and the individual defendants officers

of the Executive branch of the Commonwealth responsible for the day-to-day operation of the

juvenile detention centers and the care of the juveniles residing therein was executed pursuant

CIVIL 94-2080CCC

to the Civil Rights of Institutionalized Persons Act (CRIPA), 42 U.S.C. § 1987 et. seq. The lawsuit was filed following an investigation ordered by the Attorney General of the United States who concluded that the juveniles confined in the Commonwealth facilities were being deprived of rights under the Constitution of the United States and federal statutory laws.

At paragraph 22 of the Settlement Agreement, defendants "agree[d] and represent[ed] to the Court that the prospective relief set forth in the Agreement complie[d] in all respects with the provisions of 18 U.S.C. § 3626(a)(1) and (c)(1)." Before the filing of the Settlement Agreement, the United States and the Commonwealth defendants on March 12, 1997 (docket entry 17) informed the Court that Congress had enacted the Prison Litigation Reform Act (PLRA) which required in its § 3626(a)(1) and (c)(1) that the Court make certain findings to comply with the requirements of said statute. Both parties expressed their awareness regarding the PLRA requirements and informed that they would continue to meet before submitting their final settlement agreement to the Court. Nine months later, on September 10, 1997, the United States and the Commonwealth defendants filed another joint motion (docket entry 20) which in its relevant part reads as follows:

> Since we last apprised the Court in March 1997, the parties have engaged in intensive negotiations to ensure that the comprehensive settlement agreement in this case conforms with the PLRA. Sections 3626(a)(1) and 3626(c)(1) of the PLRA require this Court, before entering a settlement agreement in this case, to make certain findings. In particular, the Court must find that the settlement agreement 1) is narrowly drawn, 2) extends no further than necessary to correct the violation of the Federal right, 3) is the least intrusive means necessary to correct the violation of the Federal right, and 4) will not have an adverse impact on public safety or the operation of a criminal justice system. As such, the parties have reviewed each and every provision of the settlement agreement to ensure that it is narrowly drawn, extends no further than necessary, is the least intrusive means necessary, and has no adverse impact on public safety or the operation of the criminal justice system. That scrutiny necessitated review of current conditions in all of the facilities and resulted in several revisions to the pre-PLRA settlement agreement.
> .....
> It remains the position of the United States that the PLRA precludes entry of an order imposing prospective relief concerning conditions in juvenile facilities in the absence of proof or admission of liability for the violation of a federal right. To that end, the parties have agreed to submit the settlement agreement to the Court, together with a motion by the United States for a finding that the Court's

CIVIL 94-2080CCC

> order is in compliance with the PLRA.  The parties have agreed that an affidavit by the Court Monitor in this case, describing current conditions in the facilities, which will accompany the United States' motion, will provide the basis for the Court to find a violation of the Federal rights of the juveniles in the facilities.  The Monitor signed a notarized affidavit on August 2, 1997.

United States' and Commonwealth of Puerto Rico's Response to the Court's Order of August 6, 1997 (docket entry 20), at pp. 2-3, 4-5.

As announced, on October 7, 1997 the United States filed a Motion to Enter Settlement Agreement as an Order of the Court and for a Finding of Compliance With the Prison Litigation Reform Act (docket entry 21), where the government describes specific deficiencies and the corresponding remedial measures incorporated in the Settlement Agreement that would follow, all of which would serve as a factual background to findings by the Court regarding compliance with the PLRA standards for prospective relief.  The United States makes reference in this motion at page 3 to paragraph 22 of the Settlement Agreement (docket entry 25) which provides that: "For purposes of this civil lawsuit only and in order to settle this matter, Defendants agree and represent to the Court that the prospective relief set forth in this agreement complies in all respects with the provisions of 18 U.S.C. § 3626(a)(1) & (c)(1)."  The December 12, 1997 Order (docket entry 26) approving the Settlement Agreement filed by the parties expressly contains the following findings:

> (a) that the conditions at the juvenile detention and training facilities of the Commonwealth of Puerto Rico as described in the Affidavit of Monitor Martínez violate the Federal rights of the juveniles housed in those facilities, as alleged in the Second Amended Complaint filed by the United States on October 7, 1997 (docket entry 23).
>
> (b) that the Settlement Agreement submitted by the parties comprehensively addresses all of the claims raised in the Second Amended Complaint, by providing appropriate remedial measures for each of those claims.
>
> (c) that the relief provided by the Settlement Agreement is narrowly drawn, extends no further than necessary to correct the violation of the Federal rights, is the least intrusive means necessary to correct the violation of the Federal rights, and otherwise complies with the limitations on relief set forth in the Prison Litigation Reform Act, 18 U.S.C. § 3626(a).

December 12, 1997 Order (docket entry 26), at p. 3.

CIVIL 94-2080CCC

The circumstances outlined above demonstrate that the acknowledgment by the parties of compliance with the relevant provisions of the PLRA and the factual data regarding deficiencies and constitutional violations and corresponding remedies provided the Court with a sufficient basis to enter its findings on PLRA standards compliance.  This was a matter that was fully discussed by the parties before entering into the Settlement Agreement and fully documented to the Court by their own representations and the Monitor's affidavit. Accordingly, the Court's findings were not a pro-forma statement.  Defendants' argument that the prospective relief Order dated December 12, 2007 does not comply with the PLRA requirements lacks merit.   The remedies and prospective relief agreed to matched specific deficiencies existent at the time in the detention facilities which ranged from the need to have access to running water and potable drinking water, to education, to mental health, trained staff and fire safety, among others.  The Court's findings as to the narrowness/need/intrusiveness criteria are based on the very nature of the myriad deficiencies acknowledged by the Commonwealth at their juvenile facilities, which by their very magnitude and severity dictated the type of relief that the defendants themselves agreed to and asked the Court to provide for.

The United States has requested as an alternative to denial of defendants' motion for termination of prospective relief that the Court postpone for sixty (60) days, until June 6, 2007, the effective date of the automatic stay pursuant to 18 U.S.C. § 3626(e)(3) (docket entry 678).  The Court Monitor, Warren Benton, submitted to the Court in chambers during the last status conference held on March 27, 2007 a document entitled Monitor's Proposed PLRA Report (docket entry 684) where he informs that in response to defendants' PLRA motion he plans to revise the format of the quarterly report for the first quarter of 2007 to expressly respond to the PLRA motion issues.  The model format identifies problem areas which will be addressed by the Monitor's experts to assist the Court in determining whether there is a need for continued prospective relief and judicial involvement.  The area heading the list has to do with paragraph 78 of the Settlement Agreement which deals with the reporting and

CIVIL 94-2080CCC

management of allegations of physical and/or mental abuse against juveniles by either staff or other minors.  The government is correct in asserting that this has been an area of serious concern, discussed at length during the status conferences held in 2006 and 2007 and extrajudicially by the parties.  This is a core provision of the Settlement Agreement since there has been substantial backlog in the investigation of allegations of abuse against detained juveniles. The issues discussed at the status conferences involve not only delays in the investigation and processing of mistreatment complaints but also of virtual inaction during periods regarding their investigation.  Administrator of Corrections Miguel Pereira recently had to designate twelve investigators to this task.  Defendants have not disputed the information provided by plaintiff that nine staff members were recently arrested for abusing and neglecting youths in the juvenile facilities and that at least one of them continued thereafter to have contact with youths. Although the Court in an Order filed on December 4, 2006 (docket entry 651) denied injunctive relief, it nonetheless granted the specific remedial actions requested by the United States on November 16, 2006 in its Application for a Temporary Restraining Order and Preliminary Injunction (docket entry 641).  Three employees currently criminally charged with institutional civil abuse were ordered immediately separated from having contact with detained juveniles while the criminal process is pending.  The Court also ordered defendants to warn all of the juvenile institution employees, staff members and contractors that abuse or mistreatment of juveniles would not be tolerated and that such conduct would result in administrative sanctions and referral for criminal prosecution.  This was as recent as December 4, 2006.

CIVIL 94-2080CCC

Given this situation, and further considering the scope of the deficiencies which led to the Court's involvement in this case and the fact that for nine years defendants have tacitly acknowledged the need for continued court monitoring until their termination motion of March 8, 2007, the Court finds that good cause has been shown for the postponement of the automatic stay until June 6, 2007.

SO ORDERED.

At San Juan, Puerto Rico, on April 10, 2007.

S/CARMEN CONSUELO CEREZO
United States District Judge