IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| THE UNITED STATES OF AMERICA | ' |
| Plaintiff | ' |
| vs. | ' |
| THE COMMONWEALTH OF PUERTO RICO; | ' |
| The Honorable PEDRO J. ROSSELLO, Governor of the Commonwealth of Puerto Rico, in his official capacity; | '   CIVIL 94-2080CCC |
| | ' |
| THE JUVENILE INSTITUTIONS ADMINISTRATION; | ' |
| ZORAIDA BUXO, Secretary of the Department of Corrections and Rehabilitation, in her official capacity; | '  ' |
| | ' |
| MIGUEL RIVERA, Director, Juvenile Institutions Administration, in his official capacity; | '  ' |
| DR. CARMEN FELICIANO VDA. DE MELECIO, Secretary of Health, Department of Health, in her official capacity; | '  ' |
| DR. NESTOR GALARZA, Director, Anti-Addiction Services Department, in his official capacity; | '  '  ' |
| VICTOR FAJARDO, Secretary, Department of Education, in his official capacity; | '  ' |
| PEDRO PIERLUISI, Secretary, Justice Department of the Commonwealth of Puerto Rico, in his official capacity; | '  ' |
| CARMEN RODRIGUEZ, Secretary, Department of Social Services, in her official capacity; | '  ' |
| DANIEL VAZQUEZ TORRES, Director Humacao Detention Center, in his official capacity; | '  ' |

CIVIL 94-2080CCC

EDGARD ORTIZ ALBINO, Director,
Mayaguez Industrial School, in
his official capacity;

NORMA CRUZ, Director, Ponce
Central Training School, in her
official capacity

FRANCISCA APONTE, Director, Ponce
Victoria Street Training Center,
in her official capacity;

PAULITO DIAZ DE GARCIA, Director,
Ponce Detention Center for Girls
and Ponce Industrial School for
Girls and Boys, in her official
capacity;

JULIO CUALIO BONET, Director,
Guaynabo Training School, in
his official capacity; and

LYDIA LASALLE, Acting Director,
Central Metropolitan Training
School of Bayamon, in her
official capacity;

Defendants

# O R D E R

On April 10, 2007, the Court entered an Order postponing the effective date of the thirty (30) day automatic stay for sixty (60) days finding that the government had shown good cause for such postponement. Defendants have filed a Motion for Reconsideration of such Order (docket entry 690), citing <u>Miller v. French</u>, 120 S.Ct. 2246 (2000), claiming that "federal courts lack authority to enjoin the PLRA mandatory stay once it had started." Since the stay commenced on April 9, 2007,[1] the day before the Court issued its Order, defendants

---

[1] Although defendants have referred to April 9, 2007 as the starting point for the mandatory stay under 18 U.S.C. § 3626(e)(2), the thirty (30) day count falls on Saturday, April

CIVIL 94-2080CCC

contend that the Court should "recognize that the prospective relief order as to which termination is sought is <u>now</u> stayed until defendants' motion to terminate is ruled upon." (Emphasis our.)

      Defendants misrepresent the Court's action. At no time has this Court attempted to circumvent the mandatory stay. As <u>Miller</u> clearly states, "[t]he text of § 3626(e)(2) provides that '[a]ny motion to ... terminate prospective relief made under subsection (b) <u>shall operate as a stay</u> during a fixed period of time, <u>i.e.</u>, from 30 (or 90) days after the motion is filed until the court enters a final order ruling on the motion". <u>Id.</u>, at p. 2253 (emphasis in original). There has been no exercise of the Court's equitable powers suspending or in any way modifying the mandatory stay. The Court has acted strictly within the statutory framework of 18 U.S.C. § 3626(e)(2) &(3). As observed by the Supreme Court, "section 3626(e)(3) cannot be read in isolation;" they are to be "read together." <u>Id.</u>, at p. 2255. The statutorily prescribed stay period, as § 3626(e)(2) & (3) plainly provide, ranges from thirty (30) to ninety (90) days. That is, if good cause is shown, (e)(3) authorizes an extension of the starting point for the automatic stay from thirty (30) days after the 3626(b) motion is filed until ninety (90) days after that motion is filed. Translated to the time frames relevant to this case, that means that for good cause, § 3626(e)(3) authorizes the Court to extend the April 9, 2007 starting point for the automatic stay in this case for another sixty (60) days, until June 6, 2007.

      Contrary to the present case, the district court in <u>Miller</u> enjoined the operation of the PLRA automatic stay provisions. The Supreme Court concluded that interpreting the statute in a manner that would allow the federal courts traditional equitable discretion to stay the stay "would subvert the plain meaning of the statute, making its mandatory language merely permissive." <u>Id.</u>, at p. 2253. Our Order of April 10, 2007 merely set a fixed period of time within the statutory limits established by § 3626(e)(2) & (3), recognizing the mandatory nature of the stay provisions.

---

7, 2007.

CIVIL 94-2080CCC

    For the reasons stated, the Motion for Reconsideration is DENIED. Defendants will comply with the Court Order that the Monitor and his experts be granted immediate access to the juvenile facilities so that the next quarterly report, which addresses PLRA issues, be timely filed.

    SO ORDERED.

    At San Juan, Puerto Rico, on April 12, 2007.

                                                S/CARMEN CONSUELO CEREZO
                                              United States District Judge