UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff;<br><br>    v.<br><br>COMMONWEALTH OF PUERTO RICO, et al.,<br><br>          Defendants. | No. 94-CV-2080 (CCC) |

**INFORMATIVE MOTION BY THE UNITED STATES REGARDING THE STATUS OF DEFENDANT'S COMPLIANCE WITH THIS COURT'S ORDERS RELATED TO FACILITY SAFETY**

Plaintiff United States of America ("United States"), through counsel, files this motion to inform the Court of the status of the Commonwealth of Puerto Rico's ("Commonwealth") compliance with the Court's orders addressing serious safety concerns. Since August 2019, the Commonwealth has failed to comply with several related agreements and Court orders. *See* Joint Mot. to Address Immediate Safety Issues, ECF No. 1402, August 26, 2019; Order, ECF No. 1478, April 13, 2020. In anticipation of the August 5, 2020 status conference, the United hereby sets out the procedural history of this matter that will be addressed at the status conference.

        **I.**        **Procedural and Factual Background**

On August 10, 2019, the Monitor informed the Court of serious concerns impacting the safety of the facilities and the Commonwealth's compliance with the Settlement Agreements. Informative Mot., ECF 1397, August 10, 2019. Specifically, the Monitor reported that serious fights, cuttings, and suicide attempts had occurred in the Commonwealth's juvenile facilities while staff members were off duty or not adequately

1

supervising youth. *Id.* at App. B, ECF 1397-2. The Monitor concluded that the Commonwealth's staffing rosters were inadequate to ensure youth safety. *Id.* at App. A, ECF 1397-1. Additionally, the Monitor noted that the Commonwealth failed to report serious incidents involving youth, preventing the Monitor from adequately monitoring the Settlement Agreement. *Id.* at 2. Finally, the Monitor recommended that the Commonwealth develop policy changes to prevent the isolation of youth who do not pose a threat to others. *Id.* at 5.

Subsequently, the Parties filed a joint motion agreeing that the Commonwealth would produce, among other documents, a plan to hire more staff, an agreement on the definition of isolation to inform policy changes, and a notification once it digitized access to incident reports. Joint Mot., ECF 1402, August 26, 2019 ("August 2019 Joint Motion").

After the Monitor and the United States reported that the Commonwealth had not complied with the August 2019 joint motion, this Court ordered the parties to update the deadlines in their joint agreement by March, 1, 2020. At our March 13 status hearing, this Court further extended the deadline to update the parties' joint agreement. Minutes of Proceeding and Order, ECF No. 1472 at 2, March 13, 2020.

On April 9, 2020, the parties filed a joint motion updating the August 2019 Joint Motion. ECF No. 1477. In the new joint motion, the parties agreed that the Commonwealth would produce:

1. A plan to address critical staffing shortages by June 30, 2020;
2. Modified isolation policies and procedures within 60 days of the Court's approval of the Motion;
3. A digitized incident reporting system by June 30,2020.

The Court approved the joint motion and entered it as an order of the Court. Order, ECF No. 1478, April 13, 2020.

The Court's April 13 order required that the Commonwealth take actions to ensure its

ability to protect the safety of the youth in the facilities. Yet as of the date of this filing, the Commonwealth has failed to produce a staffing plan, finalize new isolation policies, or to digitize its incident reporting system. The Commonwealth has neither requested more time from this Court nor advised the United States of a need for additional time.

## II.     Conclusion

Wherefore, the United States respectfully submits this informative motion to document the procedural history of the Parties' Agreements and the Court's orders regarding DCR's continuing facility safety issues as an aid to the Court in anticipation of the August 5, 2020 status conference.

Respectfully submitted, this 17th day of July 2020,

ERIC S. DREIBAND
Assistant Attorney General
Civil Rights Division

STEVEN H. ROSENBAUM
Chief
Special Litigation Section

WINSOME G. GAYLE (G02106)
Special Counsel
Special Litigation Section

S/ *Ryan C. Wilson*
RYAN C. WILSON (G02913)
RICHARD C. GOEMANN (G02503)
Trial Attorneys
U.S. Department of Justice
Civil Rights Division
Special Litigation Section
950 Pennsylvania Avenue, NW
Washington, DC  20530
Tel:  (202) 305-9937
Fax:  (202) 514-4883
Ryan.wilson@usdoj.gov

Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was filed electronically on this 17th day of July 2020, with the Clerk of Court using the CM/ECF System, which will provide notice of such filing to all registered parties.

S/ *Ryan C. Wilson*
RYAN C. WILSON
U.S. Department of Justice
Civil Rights Division
Special Litigation Section
950 Pennsylvania Avenue, NW
Washington, DC  20530
Tel:  (202) 305-9937
Fax:  (202) 514-4883
Ryan.wilson@usdoj.gov