IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>**Plaintiff**,<br><br>v.<br><br>COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>**Defendants.** | **Civil No.** 94-2080 (FAB) |

## ORDER REGARDING STAFFING COMPLIANCE AND SUPERVISORY POSITIONS

The Court held a Status Conference on **Wednesday, April 20, 2022**, in the Old San Juan Courthouse including the Parties, the Monitor, and various officials from within the Department of Corrections and Rehabilitation (DCR) and other state agencies.

The agenda included a discussion of DCR's ongoing non-compliance with having adequate staffing resources, including vacant officer positions and supervisory staff.

### YOUTH OFFICER VACANCIES

Monitor Kim Tandy reported she requested a plan from Mr. Víctor Torres, the NIJ Director of Regional Programs, after a 30-day period, due on April 9, to address how the agency would come into compliance with a sufficient number of officers to keep youth safe, and to comply with required staff/youth ratios. She also requested that this plan provide an analysis of why the agency

Civil No. 94-2080 (FAB)                                                2

has been unable to adequately staff its remaining two facilities for the last few years, and how DCR will ensure that adequate staffing levels are maintained once achieved.  Monitor Tandy noted that while the plan contained information on current recruitment efforts, it does not examine DCR's current policies and practices which have failed to adequately address the problems since December of 2018 when the closure of Humacao was announced, and the challenges DCR faces with hiring and retaining staff in the current job market.  The Monitor also stressed that if DCR cannot hire and retain an adequate number of officers to keep youth safe, without significant reliance on double shifting, it must determine what alternative plan(s) it will employ in order to comply.

Accordingly, it is ORDERED that:

1.   Mr. Víctor Torres-Rodríguez shall prepare and resubmit a plan for staffing and staffing retention to the Monitor, the DCR and the United States Department of Justice (USDOJ) which identifies the current, past and anticipated future obstacles to adequately hire and retain sufficient staffing levels to reach compliance, and how those barriers will be overcome to prevent further cycles of staffing non-compliance.  This plan shall include other alternatives to the current staffing levels, including an analysis of possible downsizing, and the legal, economic, community factors which need to be considered.

2.   To assist Mr. Torres with this plan, Monitor Tandy shall provide the assistance of appropriate consultants from her team, and shall include members of the Fiscal Oversight and Management Board (FOMB), the Office of Management and Budget (OMB), and other financial consultants, as appropriate.

3.   Ms. María del Mar Ortiz, the Governor's Personal Representative, shall be involved with the process.

4.   Monitor Tandy shall convene the parties as well as others who will be available to assist during the week of April 25, 2022 to begin this process.

5.   DCR's plan for how it will achieve and maintain staffing compliance adequate to keep youth safe, including alternative options, shall be due and filed with the court **no later than May 16, 2022**.

### SUPERVISORY VACANCIES

In order to address the long-standing problem of unfilled supervisory positions, the Court entered an order after the January 4, 2022 Status Conference requiring DCR to identify a minimum of ten (10) qualified officers to fill supervisory vacancies by January 31, and to conduct the necessary background investigations and approvals by March 11, 2022.  DCR was required to notify Monitor Tandy once the names of these officers were available. (Docket No. 1703.)  The Court set the March 11, 2022

date after representations at the January 4 hearing by counsel for DCR and Secretary Ana Escobar that this task could be completed within that timeframe, including whatever approvals had to be obtained. In the latest Joint Motion filed by the parties on April 18, 2022, and as discussed in the Status Conference held on April 19, 2022, it is clear that DCR has failed to abide by this deadline, and has not provided any name to Monitor Tandy, nor has it completed the process of promoting and training the officers.

The Court re-iterates the importance of these positions to the operation of the NIJ facilities and admonished DCR that it will not tolerate further delays in meeting this Order.

ACCORDINGLY, it is ordered that:

1. DCR shall provide the names of the sixteen (16) individuals it has identified as possible supervisors to Monitor Tandy **no later than May 16, 2022.**

2. **No later than May 30, 2022**, DCR shall ensure that training has been completed for these officers, and that the appropriate authorizations have been made for their promotions into these positions so that they can begin as supervisors **no later than June 1, 2022**.

3. The Commonwealth shall file a notice with the Court **no later than May 30, 2022** to verify that this has been completed, or

Civil No. 94-2080 (FAB)                                                        5

show cause as to why the Court should not imposes sanctions for failure to comply with this Order.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, April 26, 2022.

<u>s/ Francisco A. Besosa</u>
FRANCISCO A. BESOSA
SENIOR UNITED STATES DISTRICT JUDGE
